SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8534 PA (JCx) | Date | December 14, 2009 |
|---|---|---|---|
| Title | Villanueva v. US Bank Nat'l Ass'n, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendants Wells Fargo Bank, N.A., dba America's Servicing Company, and US Bank National Association ("Defendants") on November 19, 2009.  Defendants assert that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    The Complaint filed by plaintiff Cresencio Villanueva ("Plaintiff") alleges that he is a resident of Los Angeles County, California, but does not state his citizenship. (Complaint, ¶ 1.)  In their Notice of Removal, Defendants merely allege that "Plaintiff's complaint establishes that he is a California citizen."  (Notice of Removal, ¶ 4.)  However, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id. at 857.

**SEND**
**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8534 PA (JCx) | Date | December 14, 2009 |
|---|---|---|---|
| Title | Villanueva v. US Bank Nat'l Ass'n, et al. | | |

     Additionally, defendant NDEx West LLC is a limited liability company. The citizenship of a limited liability company or other unincorporated entity is the citizenship of its members. See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

     The Notice of Removal's allegation that defendant NDEx West LLC "is a Delaware corporation with its home office in New York, its principal place of business in Texas, and with no offices or employees in California," does not allege facts sufficient to establish the LLC's citizenship or demonstrate the existence of diversity jurisdiction. Sufficient facts must be alleged to determine the parties' citizenship. Without more, the mere allegation that an LLC is a citizen of a certain state amounts to a conclusion of law. Fifty Assocs. v. Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

     Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Los Angeles County Superior Court, Case No. TC023671, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.